UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

REBECCA LYNN HATT,          )
                            )
    Plaintiff               )
                            )
v.                          )    No. 1:13-cv-335-NT
                            )
CAROLYN W. COLVIN, Acting   )
Commissioner of Social Security, )
                            )
    Defendant               )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal contends that the administrative law judge's opinion was not supported by substantial evidence, due to the manner in which he evaluated the medical evidence. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from depression not otherwise specified, an anxiety disorder, and borderline personality disorder, impairments that were severe, but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404 Subpart P (the "Listings"),

---

[1] This action is properly brought under 42 U.S.C. § 1383(c). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific facts upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the defendant to file a written opposition to the itemized statement. Oral argument was held before me on July 28, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Findings 2-3, Record at 640-41; that she retained the residual functional capacity ("RFC") to perform unskilled work with only occasional public contact, Finding 4, *id*. at 643; that she was able to perform her past relevant work as a cleaner/housekeeper and packer, Finding 5, *id.* at 650; and that, therefore, she had not been disabled, as that term is defined in the Social Security Act, at any time from the amended date of her application, March 30, 2009, through the date of the decision, June 28, 2013, Finding 5, *id*. at 650-51. Because the administrative law judge was acting pursuant to a remand from this court and the Appeals Council, Record at 712, 716-19, it was not necessary that the plaintiff return to the Appeals Council before filing this appeal. *Id*. at 636. The plaintiff chose to file her appeal directly with this court, making the administrative law judge's decision the final determination of the commissioner. 20 C.F.R. § 416.1484(d).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

The plaintiff has chosen to present her challenge by identifying alleged errors in the administrative law judge's treatment of the reports and opinions of each of the medical professionals in the record. I will follow this organizational path, bearing in mind that in each case or the aggregate, the plaintiff must show that the outcome of her application for benefits would have been different if the administrative law judge had followed the path that the plaintiff lays out. *See, e.g., Elmore v. Astrue*, No. 2:11-cv-394-DBH, 2012 WL 2913702, at *3 (D. Me. June 27, 2012).

### A. Dr. Stahl

Brian Stahl, Ph.D., a nonexamining state-agency psychologist, concluded that the plaintiff's mental impairments were not severe. Record at 349. The administrative law judge said the following about Dr. Stahl's evaluation:

> As for the opinion evidence, the undersigned gives some weight to the opinion of Dr. Brian Stahl, PhD. [w]ho reviewed the medical evidence. He determined the claimant's substance abuse was in remission in September 2009 and was not severe. He also determined the claimant's other psychiatric conditions were not severe, based largely on the claimant's lack of psychiatric treatment at the time of his review. In addition, he determined the claimant's IQ scores underrepresented her intellectual abilities as the claimant was found to be unreliable in her responses to MMPI testing to present herself as more dysfunctional than she is and this factor might have influenced her efforts on the intelligence testing (Ex. 16F). The undersigned gives partial weight to Dr. Stahl's opinion. The opinion reflects the strides the claimant has made in treating her substance abuse. Dr. Stahl's opinion about the claimant's mental health symptoms was consistent with the medical record at the time it was offered but is not reflective of her mental health symptoms over the entire relevant period. The record establishes the claimant's mental health deteriorated after Dr. Stahl's opinion and has been severe and that her substance abuse has continued and this is severe. Accordingly, the undersigned gives Dr. Stahl's opinion only some weight.

Record at 648-49.

The plaintiff contends that the administrative law judge incorrectly characterized Dr. Stahl's conclusions, and that Dr. Stahl's "opinion should have been afforded no weight." Statement of Specific Errors ("Itemized Statement") (ECF No. 17) at 2-3. She cites no authority for this argument, and, more importantly, does not suggest how eliminating consideration of Dr. Stahl's opinion would affect the outcome of her application for benefits.

Specifically, the plaintiff complains that, contrary to the characterization in the administrative law judge's summary, Dr. Stahl's observation that "MMPI also suggested exaggerating of symptoms" "played no role in his assessment of the Plaintiff's IQ scores or the severity of her mental impairments." *Id*. Since Dr. Stahl found that the plaintiff had no severe mental impairments, and the administrative law judge found that she did, I do not see how any error in this regard had any effect on the administrative law judge's assessment of the plaintiff's RFC. Nor does the administrative law judge mention Dr. Stahl in his evaluation of the plaintiff's IQ. Record at 645.

The plaintiff has not shown any substantive error in the administrative law judge's treatment of Dr. Stahl's opinion.

## B. Dr. Hale

John S. Hale, Jr., Ed.D., performed a consultative examination of the plaintiff . Record at 301-19. The plaintiff complains that the administrative law judge wrongly concluded that Dr. Hale found that "the Plaintiff had the ability to understand commensurate with one of low average abilities nor that she would need repetitions of instructions and reinforcement." Itemized Statement at 3.

The administrative law judge said the following concerning Dr. Hale's evaluation of the plaintiff:

> Based on his psychological examination, Dr. Hale noted the claimant would be likely to acquire new learning at a slow pace. The claimant was also found to have short-term verbal memory limitations. However, she is able to perform simple math functions and is able to read the letters that have come to her from the Social Security Administrations (Ex. 14F).
>
> * * *
>
> The undersigned gave some weight to the opinion of Dr. Hale who performed a psychological evaluation of the claimant. He opined the claimant would be able to understand commensurate with a person of low average abilities but would need repetitions of instructions and reinforcement (Ex. 10F, 11F). To some extent, the undersigned has addressed Dr. Hale's concerns by limiting the claimant to simple work. However, ion discussions with her treatment providers, the claimant admitted she lied to Dr. Hale about her substance use (See Ex. 32F p.143). In addition, Dr. Hale specifically noted the claimant's validity scales suggested she exaggerated her mental health symptoms. As the claimant admitted she lied to Dr. Hale and her MMPI results were not valid, his medical report and opinion are not thought to be a reliable estimate of the claimant's impairments or limitations.

Record at 642, 649.

It is true, as the plaintiff points out, Itemized Statement at 3, that the administrative law judge ascribes to Dr. Hale the opinions of Adrienne J. Butler, Ph.D., which he correctly cites to as Exhibit 14F.

However, since the administrative law judge never recited Dr. Hale's opinions, it cannot reasonably be inferred that the administrative law judge relied on them, correctly or otherwise, in forming the plaintiff's RFC. The plaintiff's discussion of the administrative law judge's "emphasis" on the fact that the plaintiff admitted to other evaluators that she lied to Dr. Hale, Itemized Statement at 4, has no bearing on the issue of the administrative law judge's treatment of Dr. Hale's conclusions, which from all that appears in his opinion the administrative law judge did not consider, and the plaintiff's speculation that her lying would have no significance to Dr. Hale because he was aware that she was using drugs, id. at 4, would also have no bearing on the issue at any time.

5

### C. Dr. Butler

Adrienne J. Butler, Ed.D., performed a consultative examination of the plaintiff. The plaintiff asserts that "[t]he record does not support the ALJ's characterization of Dr. Butler's findings or the limitations the judge imposed." *Id*. at 6. Specifically, she complains that the administrative law judge did not include in the RFC that he assigned to her all of the limitations included in Dr. Butler's report. *Id*. at 6-7.

The only such limitation discussed by the plaintiff is Dr. Butler's opinion that she "would likely need multiple repetitions and reinforcements in order to acquire, retain, and recall verbal learning." *Id*. at 7. The administrative law judge accurately recounted Dr. Butler's findings and opinions. *Compare* Record at 649 *with id* at 337-43. He rejected Dr. Butler's diagnosis of bipolar affective disorder "as it is not generally diagnosed by other treatment providers and has not been treated during the relevant time." *Id*. at 649. He adopted most of the other diagnoses made by Dr. Butler. The plaintiff does not suggest how her RFC would necessarily have been different had the administrative law judge adopted this diagnosis as well. The administrative law judge has given a minimally sufficient explanation of his reasons for rejecting it.

The only limitation suggested by Dr. Butler not adopted by the administrative law judge that is specified by the plaintiff is the need for multiple repetitions for learning. Itemized Statement at 7. The administrative law judge stated that the limitations included in his RFC "address[] Dr. Butler's proposed cognitive and social limitations[.]" Record at 649. Even if this assertion is incorrect, the plaintiff again proffers no explanation of the necessary change in the outcome of her

application if this alleged error were rectified.[2]

On the showing made, the plaintiff is not entitled to remand based on the administrative law judge's treatment of Dr. Butler's opinions.[3]

### D. Dr. Sawyer

Brenda Sawyer, Ph.D., evaluated the plaintiff's records for the state disability service. Record at 265-77. The plaintiff contends that the administrative law judge wrongly relied on Dr. Sawyer's conclusions because she did not explicitly accept or reject Dr. Butler's opinions, and wrongly opined that the plaintiff had adequate skills to interact with coworkers and supervisors. Itemized Statement at 8-10.

It is clear that Dr. Sawyer considered Dr. Butler's opinions, which she summarizes in her 2010 report. Record at 415. Neither of the two cases cited by the plaintiff in this regard, Itemized Statement at 9, requires remand whenever a state-agency evaluator fails to expressly adopt or reject each of the opinions of other evaluators as to physical or mental limitations imposed on the claimant's ability to perform work-related functions. In *Winders v. Astrue*, No. 1:11-cv-325-JAW, 2012 WL 3137140, at *5 (D. Me. July 10, 2012), the court concluded that omission of Dr. Butler's "new learning" limitation from the plaintiff's RFC, expressed in virtually identical language, was "not a sufficient basis for remand." In *Thompson v. Colvin*, Civil No.1:12-cv-369-DBH, 2013 WL 5724134, at *6-*8 (D. Me. Oct. 21, 2013), the court distinguished *Winders*, finding that the failure

---

[2] At oral argument, the plaintiff's attorney contended that this error was not harmless because the limitation was not communicated to the vocational expert via a hypothetical question, and at least one of the jobs identified by the vocational expert would have been eliminated by this limitation. The vocational expert identified three jobs in response to the hypothetical question at issue, Record at 702-03, and this court has repeatedly held that even one available job may meet the commissioner's burden at Step 5. *E.g., Connor v. Colvin*, No. 1:13-cv-00219-JAW, 2014 WL 3533466, at *4 (D. Me. July 16, 2014). Thus, elimination of one job would not constitute harmful error.

[3] At oral argument, the plaintiff's attorney asserted that the administrative law judge's stated reasons for rejecting Dr. Butler's limitation were invalid because they were taken from Dr. Hale's report. I am unaware of any authority, nor has the plaintiff cited me to any, for the proposition that an administrative law judge cannot reject a finding of one health care provider based on the report or findings of another health care provider.

of two state-agency reviewing physicians to "specifically acknowledge[]" the same limitation posed by Dr. Butler was reversible error "most importantly" when the vocational expert at hearing testified that the restriction would compromise the claimant's ability to perform the jobs that the vocational expert had identified as available to the claimant in response to the administrative law judge's hypothetical question that did not include the limitation. At oral argument, the plaintiff's attorney asserted that the fact that Dr. Butler's limitation would eliminate one of the three jobs identified by the vocational expert distinguished the instant case from *Winders* for the same reason. However, elimination of one of three jobs is not the same as elimination of all jobs identified by a vocational expert. As I characterized it in *Winders,* 2012 WL 3137140 at *5, the *Winders* result obtains here.

The plaintiff also attacks Dr. Sawyer's conclusion that she "has adequate social skills to interact with co-workers and supervisors[,]" Record at 418, as unsupported by substantial evidence. Itemized Statement at 10-11. She asserts that, contrary to the administrative law judge's observation, "Dr. Sawyer's assessment does not contain any . . . references to the claimant's history of interacting with coworkers, supervisors, and treatment providers." *Id*. at 10-11. However, the administrative law judge did not find that Dr. Sawyer's opinion included any such finding. Rather, he found that Dr. Sawyer's opinion "recognizes that the claimant has not had difficulty with co-workers or supervisors in the past and has been able to get along with treatment providers." Record at 650. This is an observation by the administrative law judge to the effect that he believes that Dr. Sawyer's opinion on this point is consistent with the administrative law judge's view of the historical record. While that observation may not be correct, such an error would not compel remand. Indeed, the defendant's brief lists many instances in the record that are reasonably

8

interpreted to support the administrative law judge's conclusion on this point. Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 18) at 17-19.

The plaintiff is not entitled to remand based on the administrative law judge's treatment of Dr. Sawyer's opinions.

### E. Dr. Claiborn

Dr. James Claiborn testified as a medical expert at the hearing on the plaintiff's application. Record at 694-701. The plaintiff complains that the administrative law judge did not include any limitations in the RFC that he assigned to her based on Dr. Claiborn's testimony about her "distraction and emotional distress associated with recollection of traumatic events, the increased instability resulting from interpersonal conflict, and the Plaintiff's problems dealing with men." Itemized Statement at 8.

The administrative law judge noted Dr. Claiborn's testimony that "[t]he claimant would likely be anxious around crowds of people and would likely have some distraction or distress when past events are triggered or when there is interpersonal conflict[,]" Record at 648, two, and possibly all, of the three areas of his testimony to which the plaintiff refers. The administrative law judge did not reject this testimony and may well have believed that the limitation in his RFC to occasional public contact addressed these limitations. An administrative law judge is not required to address explicitly every item of evidence in the record. *Brault v. Social Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). Dr. Claiborn also testified that the plaintiff's overall social functioning was moderately impaired. Record at 699. A limitation to occasional public contact may be consistent with a moderate impairment in social functioning. *Conley v. Astrue*, Civil No. 08-202-P-S, 2009 WL 214557, at *3 (D. Me. Jan. 28, 2009).

9

The plaintiff is not entitled to remand on the basis of the administrative law judge's treatment of Dr. Claiborn's testimony. Nor do the errors alleged by the plaintiff with respect to his treatment of all of the preceding evidence, considered in combination, require remand.

**F.     Step 4 Error**

In a footnote, the plaintiff points out that none of the jobs identified by the vocational expert as past relevant work were performed for sufficient duration to constitute substantial gainful activity and, therefore, were not in fact past relevant work. Itemized Statement at 10 n.1. The defendant states that she "agrees with plaintiff that the ALJ incorrectly determined at Step Four that plaintiff can perform past relevant work[,]" because her past work does not qualify as such under applicable regulations. Opposition at 3.

The defendant's conclusory statement that "[n]evertheless, the Commissioner submits that the ALJ's Step Five conclusion that plaintiff can perform other work is supported by substantial evidence and legally correct[,]" *id.* at 4, is troubling. The administrative law judge made no "Step Five conclusion" in this case. Record at 650-51. The defendant reads such a conclusion into the administrative law judge's statement that "[i]t should be further noted that the vocational expert was able to provide a number of jobs for a person limited to light, unskilled work that entails no public contact and that allows for regular changes of position." *Id.* at 650.

On its face, this sentence cannot reasonably be characterized as an alternative Step 5 finding. However, that is not the end of the matter. In *Ward v. Commissioner of Soc. Sec.*, 211 F.3d 652 (1st Cir. 2000), the First Circuit held that remand is not necessary if correction of the error at issue will amount to no more than an empty exercise, because there is an independent ground, based on a fully developed record, on which affirmance "must be entered as a matter of law." *Id.* at 656. *See also Day v. Astrue*, No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10 (D.

10

Me. Dec. 30, 2012) (rec. dec. *aff'd* Jan. 18, 2013) ("Pursuant to the rule of *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), a reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker. An exception to the *Chenery* rule exists when a remand will amount to no more than an empty exercise because, for example, application of the correct legal standard could lead to only one conclusion.") (citations and internal punctuation omitted).

*Beeler v. Astrue*, No. 2:09-cv-649-GZS, 2010 WL 4791836, at *4 (D. Me. Nov. 17, 2010), the Maine Social Security case closest on its fact, does not require remand in this case. In that case, the jobs that the vocational expert testified would be available to the plaintiff were inconsistent with a limitation that the court found should have been included in the plaintiff's RFC. *Id*. at *4. Here, nothing has been added to the RFC assigned to the plaintiff by the administrative law judge as a result of thorough consideration of the issues raised on appeal. Accordingly, remand in this case would be an empty exercise because the record supports only a single conclusion at Step 5.

## II.     Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of July, 2014.

/s John H. Rich III
John H. Rich III
United States Magistrate Judge